**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| SUSAN OWEN-BROOKS, SUZANNE COOK, CRYSTAL BANE, JADA LOONEY, on behalf of her three minor children, M.L., J.L., and S.L., and REBECCA DOUGHERTY, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>DISH NETWORK CORPORATION,<br><br>       Defendant. | Civil Action No.: 1:23-cv-01168 |
| DANIEL CLARK, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>       Defendant. | Civil Action No.: 1:23-cv-01315 |
| JOHN CRUSE, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>DISH NETWORK LLC and DISH NETWORK CORPORATION,<br><br>       Defendants. | Civil Action No.: 1:23-cv-01319 |

i

| | |
|---|---|
| CHRISTIE TURLEY, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>  v.<br><br>DISH NETWORK L.L.C.,<br><br>            Defendant. | Civil Action No.: 1:23-cv-01346 |
| ALAN ELLERBROCK, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION,<br><br>            Defendant. | Civil Action No.: 1:23-cv-01372 |
| LAINA JENKINS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>  v.<br><br>DISH NETWORK, LLC,<br><br>            Defendant. | Civil Action No.: 1:23-cv-01387 |

| | |
|---|---|
| MICHAEL CARDENAS, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK, LLC,<br><br>Defendant. | Civil Action No.: 1:23-cv-01405 |
| ELIZABETH GARZA, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK, LLC,<br><br>Defendant. | Civil Action No.: 1:23-cv-01458 |
| LAURA VEST, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION,<br><br>Defendant. | Civil Action No.: 1:23-cv-01462 |

**PLAINTIFFS' MOTION TO CONSOLIDATE CASES
AND APPOINT INTERIM CO-LEAD CLASS COUNSEL
<u>AND EXECUTIVE COMMITTEE</u>**

Plaintiffs Susan Owen-Brooks, Suzanne Cook, Crystal Bane, Jada Looney, on behalf of her three minor children, M.L., J.L., and S.L., and Rebecca Dougherty, Plaintiffs in the related case *Owen-Brooks, et al. v. DISH Network Corporation*, Case No. 1:23-cv-01168, Plaintiff Daniel Clark, Plaintiff in the related case *Clark v. DISH Network L.L.C.*, Case No. 1:23-cv-01315, Plaintiff John Cruse, Plaintiff in the related case *Cruse v. DISH Network LLC, et al.*, Case No. 1:23-cv-01319, Plaintiff Christie Turley, Plaintiff in the related case *Turley v. DISH Network L.L.C.*, Case No. 1:23-cv-01346, Plaintiff Alan Ellerbrock, Plaintiff in the related case *Ellerbrock v. DISH Network Corporation*, Case No. 1:23-cv-01372, Plaintiff Laina Jenkins, Plaintiff in the related case, *Jenkins v. DISH Network, LLC*, Case No. 1:23-cv-01387, Plaintiff Michael Cardenas, Plaintiff in the related case *Cardenas v. DISH Network, L.L.C.*, Case No. 1:23-cv-01405, Plaintiff Elizabeth Garza, Plaintiff in the related case, *Garza v. DISH Network, LLC*, No. 1:23-cv-01458, Plaintiff Laura Vest, Plaintiff in the related case, *Vest v. DISH Network Corporation*, No. 1:23-cv-01462 ("Plaintiffs"), hereby move this Court to enter an order consolidating the nine above-captioned cases (the "Related Actions") pursuant to Fed. R. Civ. P. 42(a), appointing Mason A. Barney of Siri & Glimstad LLP, Bryan L. Bleichner of Chestnut Cambronne PA, and Scott E. Cole of Cole & Van Note as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Counsel") pursuant to Fed. R. Civ. P. 23(g), and appointing an executive committee of Danielle L. Perry of Mason LLP, John J. Nelson of Milberg Coleman Bryson Phillips Grossman LLC, Joseph M. Lyon of The Lyon Firm, LLC, M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation,

and Mark S. Reich of Levi & Korsinsky, LLP. [1]

This Motion also seeks to stay all case deadlines in the cases proposed for consolidation during the pendency of this Motion, including deadlines for Defendants to respond to the respective complaints. Plaintiffs request that Defendants' response to the respective complaints be set as follows: if the Court grants the Motion to Consolidate, thirty (30) days from the filing of a consolidated complaint; or if the Court denies the Motion to Consolidate, thirty (30) days from the date of the Court's order of denial.

As discussed in detail in the accompanying Memorandum: a) the Related Actions involve common parties and similar issues of law and fact: b) the putative class representatives in each of the Related Actions seek to represent similar classes of persons (collectively referred to herein as the "Class") who utilized the services of DISH and/or were employed by DISH and/or were related to someone who was employed by DISH and whose personally identifiable information ("PII") and/or protected health information ("PHI") (collectively, "Private Information") was provided to and maintained by DISH; c) Plaintiffs and the proposed Class were similarly impacted by the data security incident that is the subject of the Related Actions; and d) the Related Actions arise out of similar circumstances, thus making consolidation under Fed. R. Civ. P. 42(a) appropriate.

In addition, Proposed Interim Co-Lead Counsel satisfy the elements of Fed. R. Civ. P. 23(g) and are well-suited to lead the prosecution of this litigation on behalf of Plaintiffs and the proposed Class because, among other reasons, they have spent a significant amount of time and effort investigating, researching, and litigating the cases, are most familiar with the legal and factual issues in question, and intend to pursue a strategy that works best for the interests of the putative Class that Plaintiffs seek to represent.

---

[1] A copy of Proposed Order is annexed hereto as **Exhibit A**.

Proposed Interim Co-Lead Counsel focus their practices on, and have extensive experience in, complex class action litigation, including data breach litigation—*i.e.*, the types of claims and allegations at issue in the Related Actions. Further, Proposed Interim Co-Lead Counsel's respective firms have the resources to effectively and efficiently pursue this action and have already committed sufficient resources to this litigation. Proposed Interim Co-Lead Counsel will work together and with other plaintiffs' counsel to litigate this matter to a successful conclusion.

This Motion is supported by the contemporaneously filed Memorandum. Proposed Interim Co-Lead Counsel conferred with Defendant's Counsel regarding consolidation and leadership. Defendant's Counsel stated Defendant does not object to consolidation and takes no position on the proposed leadership structure. Defendant also explicitly does not waive any rights to compel arbitration of any plaintiff.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order consolidating the Related Actions, appointing Mason A. Barney of Siri & Glimstad, LLP, Bryan L. Bleichner of Chestnut Cambronne PA, and Scott E. Cole of Cole & Van Note as Interim Co-Lead Counsel, and appointing an executive committee comprised of Danielle L. Perry of Mason LLP, John J. Nelson of Milberg Coleman Bryson Phillips Grossman LLC, Joseph M. Lyon of The Lyon Firm, LLC, M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation, and Mark S. Reich of Levi & Korsinsky, LLP.

Dated: June 23, 2023                    Respectfully submitted,


                                        */s/ Mark E. Saliman*
                                        Mark E. Saliman
                                        **SALIMAN LAW, LLC**
                                        3900 E. Mexico Ave., Suite 300
                                        Denver, CO 80210
                                        Tel: (720) 907-7652

Email: mark@salimanlaw.com

Mason A. Barney (*pro hac vice* to be filed)
Tyler J. Bean (*pro hac vice* to be filed)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
Email: mbarney@sirillp.com
Email: tbean@sirillp.com

Bryan L. Bleichner (MN BAR #0326689)
Philip J. Krzeski (OH BAR #0095713)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
Fax: (612) 336-2940
Email: bbliechner@chestnutcambronne.com
Email: pkrzeski@chestnutcambronne.com

Scott Edward Cole
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Tel: (510) 891-9800
Fax: (510)891-7030
Email: sec@colevannote.com

*Proposed Interim Co-Lead Counsel*

Gary E. Mason
Danielle L. Perry
Lisa A. White
**MASON LLP**
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
Email: gmason@masonllp.com
Email: dperry@masonllp.com
Email: lwhite@masonllp.com

John J. Nelson (*pro hac vice* to be filed)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
401 W. Broadway, Suite 1760
San Diego, CA 92101
Tel: (858) 209-6941
Email: jnelson@milberg.com

Joseph M. Lyon
**THE LYON FIRM**
2754 Erie Ave. Cincinnati, OH 45208
Tel: (513) 381-2333
Fax: (513) 766-9011
Email: jlyon@thelyonfirm.com

M. Anderson Berry (*pro hac vice* to be filed)
Gregory Haroutunian (*pro hac vice* to be filed)
Brandon P. Jack (*pro hac vice* to be filed)
**CLAYEO C. ARNOLD A PROFESSIONAL**
**CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Tel: (916) 239-4778
Fax: (916) 924-1829
Email: aberry@justice4you.com
Email: gharoutunian@justice4you.com
Email: bjack@justice4you.com

Mark S. Reich
**LEVI & KORSINSKY, LLP**
55 Broadway, 4th Floor, Suite 427
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: mreich@zlk.com

*Proposed Executive Committee Counsel*

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
Email: gklinger@milberg.com

5

Josh Sanford (ARK BAR #44358)
**SANFORD LAW FIRM, PLLC**
10800 Financial Centre, Pkwy., Ste. 510
Little Rock, Arkansas 72211
Tel: (501) 787-2040
Email: josh@sanfordlaw.com

Rick D. Bailey, Esq. Atty. Reg. #26554
**LAW OFFICE OF RICK D. BAILEY, ESQ**.
1801 Broadway, Ste. 528
Denver, Colorado 80202
Tel: (720) 676-6023
Email: rick@rickbaileylaw.com

Ryan D. Maxey
**MORGAN & MORGAN PA**
201 North Franklin Street
Suite 700
Tampa, FL 33602
Tel: 813-424-5630
Email: rmaxey@forthepeople.com

Colleen Therese Calandra
**MORGAN & MORGAN PA**
999 18th Street
Suite 3000B
Denver, CO 80202
Tel: 303-264-1746
Email: ccalandra@forthepeople.com

Jeffrey A. Berens
**BERENS LAW LLC**
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Tel: (303) 861-1764
Email: jeff@jberenslaw.com

*Counsel for Plaintiffs and Putative Rule 23 Class*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of record hereby certifies that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 23, 2023                           */s/ Mark E. Saliman*
                                               Mark E. Saliman

# Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| SUSAN OWEN-BROOKS, SUZANNE COOK, CRYSTAL BANE, JADA LOONEY, on behalf of her three minor children, M.L., J.L., and S.L., and REBECCA DOUGHERTY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK CORPORATION,<br><br>Defendant. | Civil Action No.: 1:23-cv-01168 |
| DANIEL CLARK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>Defendant. | Civil Action No.: 1:23-cv-01315 |
| JOHN CRUSE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK LLC and DISH NETWORK CORPORATION,<br><br>Defendants. | Civil Action No.: 1:23-cv-01319 |

CHRISTIE TURLEY, on behalf of herself and all others similarly situated,

          Plaintiff,

v.

DISH NETWORK L.L.C.,

          Defendant.

Civil Action No.: 1:23-cv-01346

---

ALAN ELLERBROCK, individually and on behalf of all others similarly situated,

          Plaintiff,

v.

DISH NETWORK CORPORATION,

          Defendant.

Civil Action No.: 1:23-cv-01372

---

LAINA JENKINS, individually and on behalf of all others similarly situated,

          Plaintiff,

v.

DISH NETWORK, LLC,

          Defendant.

Civil Action No.: 1:23-cv-01387

MICHAEL CARDENAS, individually and on behalf of all others similarly situated,

Civil Action No.: 1:23-cv-01405

Plaintiff,

v.

DISH NETWORK, LLC,

Defendant.

ELIZABETH GARZA, individually and on behalf of all others similarly situated,

Civil Action No.: 1:23-cv-01458

Plaintiff,

v.

DISH NETWORK, LLC,

Defendant.

LAURA VEST, individually and on behalf of all others similarly situated,

Civil Action No.: 1:23-cv-01462

Plaintiff,

v.

DISH NETWORK CORPORATION,

Defendant.

<u>[PROPOSED] ORDER CONSOLIDATING</u>
<u>CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL</u>
<u>AND EXECUTIVE COMMITTEE</u>

The Court has reviewed the Motion to Consolidate Cases and Appoint Interim Class Counsel and Executive Committee (the "Motion") and Memorandum of Law in support thereof submitted by Plaintiffs Susan Owen-Brooks, Suzanne Cook, Crystal Bane, Jada Looney, on behalf of her three minor children, M.L., J.L., and S.L., Rebecca Dougherty, Daniel Clark, John Cruse, Christie Turley, Alan Ellerbrock, Laina Jenkins, Michael Cardenas, Elizabeth Garza, and Laura Vest, as well as the accompanying exhibits, and has determined that consolidation of the Related Actions and appointment of interim co-lead class counsel and an executive committee in this proposed consolidated action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1.      Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates *Owen-Brooks, et al. v. DISH Network Corporation*, Case No. 1:23-cv-01168, *Clark v. DISH Network L.L.C.*, Case No. 1:23-cv-01315, *Cruse v. DISH Network LLC, et al.*, Case No. 1:23-cv-01319, *Turley v. DISH Network L.L.C.*, Case No. 1:23-cv-01346, *Ellerbrock v. DISH Network Corporation*, Case No. 1:23-cv-01372, *Jenkins v. DISH Network, LLC*, Case No. 1:23-cv-01387, *Cardenas v. DISH Network L.L.C.*, Case No. 1:23-cv-01405, *Garcia v. DISH Network, LLC*, Case No. 1:23-cv-01458, and *Vest v. DISH Network Corporation*, Case No. 1:23-cv-01462 under the docket number of this first filed case:  1:23-cv-01168 ("Master Docket"), and under the new title "*In re DISH Network Data Security Incident Litigation*" (each a "Related Action" and together the "Consolidated Action").

2.      No further filings shall be made in Case Nos. 1:23-cv-01315, 1:23-cv-01319, 1:23-cv-01346, 1:23-cv-01372, 1:23-cv-01387, 1:23-cv-01405, 1:23-cv-01458, or 1:23-cv-01462 which

shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within the next forty-five (45) days, as further set forth below. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3.      All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4.      Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days.  If the Court determines that the case is related, the clerk shall:

      a.      Place a copy of this Order in the separate docket for such action;

      b.      Serve on Plaintiff's counsel in the new case a copy of this Order;

      c.      Direct this Order to be served upon Defendant(s) in the new case; and

      d.      Make the appropriate entry on the Master Docket.

5.      The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable.

6.      Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within forty-five (45) days of the date of this Order. Defendants shall have forty-five (45) days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto. In the event that Defendants' response is a motion to dismiss or a motion to compel arbitration, Plaintiffs shall have thirty (30) days to file their opposition brief, and Defendants shall have twenty-one (21) days to file a reply brief.

**IT IS FURTHER ORDERED**, that, having given due consideration to the relevant factors set forth in Rule 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding that Proposed Interim Co-Lead Counsel meet the adequacy requirements thereunder, the following firms are appointed and shall serve as overall Plaintiffs' Interim Co-Lead Class Counsel, in accordance with Federal Rule of Civil Procedure Rule 23(g)(3):

1. Mason A. Barney, **Siri & Glimstad LLP**

2. Bryan L. Bleichner, **Chestnut Cambronne PA**

3. Scott E. Cole, **Cole & Van Note**

Plaintiffs' Interim Co-Lead Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Class Counsel shall have the following responsibilities, duties and sole authority to:

a. Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

b. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

c. Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Colorado;

d. Consult with and employ consultants and/or expert witnesses;

e. Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

f. Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

g. Enter into stipulations and agreements with Defendants;

h. Sign all papers filed on behalf of Plaintiffs and the putative class;

3

i.   Convene meetings of all Plaintiffs' counsel, as necessary;

j.   Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k.   Conduct settlement negotiations with Defendants;

l.   Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendant's counsel of changes thereto;

m.   Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendant's counsel or the Court that are not electronically filed;

n.   Appear at Court-noticed status conferences and hearings;

o.   Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p.   Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q.   Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

r.   Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Class Counsel has specifically authorized, and submit at the Court's request, in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action;

s.   Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

t.   Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

**IT IS FURTHER ORDERED** that there will be an Executive Committee of Plaintiffs' counsel which shall consist of the following individuals and their firms:

4

1.      Danielle L. Perry, **Mason LLP**

2.      John J. Nelson, **Milberg, Coleman, Bryson, Phillips & Grossman, PLLC**

3.      Joseph M. Lyon, **The Lyon Firm**

4.      M. Anderson Berry, **Clayeo C. Arnold, a Professional Corporation**

5.      Mark S. Reich, **Levi & Korsinsky, LLP**

The Executive Committee's responsibilities include, but are not limited to, the following:

a.   Work with other leadership counsel in the efficient prosecution of Plaintiffs' claims and carry out such duties and responsibilities as appropriate;

b.   Participate in common benefit work to advance the litigation, assigned and performed under the direction of Interim Co-Lead Class Counsel;

c.   Meet and confer with Interim Co-Lead Class Counsel as needed to consult on any matter germane to this litigation;

d.   Conduct and coordinate discovery in an efficient manner;

e.   Prepare periodic status reports summarizing the Executive Committee's work and progress, to be submitted to Interim Co-Lead Class Counsel for prompt distribution among Plaintiffs' counsel; and

f.   Perform such other functions necessary to effectuate these responsibilities, as directed by Interim Co-Lead Class Counsel, or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Co-Lead Class Counsel and the Executive Committee. The Court recognizes changes to the Executive Committee's organization may be necessary as the litigation progresses and new details emerge.

The Executive Committee may organize subcommittees or other structures as necessary to aid in effective and efficient litigation as necessary. The Executive Committee may also delegate

common benefit work responsibilities to other counsel, including those not appointed to a specific leadership position as part of this Order, as may be required for the common benefit of Plaintiffs. To the extent non-leadership counsel's skill set or existing infrastructure will maximize the efficiency of this litigation, the Court encourages the Executive Committee to delegate common benefit work to non-leadership counsel at the Executive Committee's election. However, no common benefit work may be performed by non-leadership counsel without prior approval from Interim Co-Lead Class Counsel.

**IT IS FURTHER ORDERED** that all other Plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the District of Colorado.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED.**

_____
United States District Judge


Dated: _____, 2023