**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:23-cv-01168-RMR

SUSAN OWEN-BROOKS,
SUZANNE COOK,
CRYSTAL BANE,
JADA LOONEY, on behalf of her three minor children, M.L., J.L., and S.L., and
REBECCA DOUGHERTY, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

DISH NETWORK CORPORATION,

      Defendant.

**And all related actions.**

---

## ORDER

---

This matter comes before the Court on (1) the Motion to Consolidate Cases and Appoint Interim Class Counsel and Executive Committee (ECF No. 5) submitted by Plaintiffs Susan Owen-Brooks, Suzanne Cook, Crystal Bane, Jada Looney, on behalf of her three minor children, M.L., J.L., and S.L., Rebecca Dougherty, Daniel Clark, John Cruse, Christie Turley, Alan Ellerbrock, Laina Jenkins, Michael Cardenas, Elizabeth Garza, and Laura Vest (the "Group Movants"), and (2) the Corrected Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a), Appoint Interim Lead Class Counsel Pursuant to Fed. R. Civ. P. 23(g)(3), and to Set a Briefing Schedule (ECF No. 17) filed by

Plaintiff Ritha Fulmore (together, the "Motions"). The Motions seek consolidation of related cases filed against Defendants Dish Network, LLC and Dish Network Corporation (collectively, "DISH")[1] and to appoint various Plaintiffs' counsel as lead or co-lead interim class counsel. DISH does not oppose consolidation and takes no position on the appointment of interim counsel. *See* ECF No. X; ECF No. 17 at 10. For the reasons set forth below, the Court concludes that the Motions should be granted to the extent of consolidation but denied without prejudice as to the appointment of interim class counsel.

## I.    Consolidation

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration" Fed. R. Civ. P. 42(a)). The Court has broad discretion to decide whether to consolidate matters. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Further, "[t]he consent of the parties is not required by Rule 42(a) for consolidation." Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (2d ed. 1994). When deciding whether to consolidate the actions, "the court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Id*. "[D]istrict courts generally take a favorable view of consolidation." *Id*. at § 2383.

---

[1] At present, the related actions include *Owen-Brooks, et al. v. DISH Network Corporation*, Case No. 1:23cv01168, *Clark v. DISH Network L.L.C.*, Case No. 1:23-cv-01315, *Cruse v. DISH Network LLC, et al.*, Case No. 1:23-cv-01319, *Turley v. DISH Network L.L.C.*, Case No. 1:23-cv-01346, *Ellerbrock v. DISH Network Corporation*, Case No. 1:23-cv-01372, *Jenkins v. DISH Network, LLC*, Case No. 1:23-cv-01387, *Cardenas v. DISH Network L.L.C.*, Case No. 1:23-cv-01405, *Garza v. DISH Network, LLC*, No. 1:23-cv-01458, *Vest v. DISH Network Corporation*, Case No. 1:23-cv-01462, and *Fulmore v. DISH Network Corporation et al.*, Case No. 1:23-cv-01556-RMR.

Upon review of the complaints in each of the cases at hand, the Court finds that the cases present substantially similar factual and legal questions surrounding Defendants' alleged failure to adequately safeguard the personal identifying information of the Plaintiffs. As such, each of these actions will involve substantially similar discovery and motion practice, and consolidation will promote judicial economy and orderly case management. The Court further notes that there has been no claim by any party that consolidation would cause inconvenience, delay, or expense. The Motions are therefore granted in part to the extent that they seek consolidation under Rule 42(a).

## II.    Appointment of Interim Counsel

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1). Under that section, the court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R.

3

Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The Group Movants seek the appointment of Mason A. Barney of Siri & Glimstad LLP, Bryan L. Bleichner of Chestnut Cambronne PA, and Scott E. Cole of Cole & Van Note as Interim Co-Lead Class Counsel and an Executive Committee comprised of Danielle L. Perry of Mason LLP, John J. Nelson of Milberg Coleman Bryson Phillips Grossman LLC, Joseph M. Lyon of The Lyon Firm, LLC, M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp., and Mark S. Reich of Levi & Korsinsky, LLP. ECF No. 5 at 4–5. Plaintiff Fulmore moves to appoint Silver Golub & Teitell LLP as Interim Co-Lead Class Counsel and Shuman, Glenn & Stecker as Liaison Counsel. ECF No. 17 at 10.

Based on the record before it, the Court declines to make an interim counsel appointment at this time. In order to allow all interested parties to fully submit and brief their respective positions on the issue of interim class counsel and facilitate resolution of the matter on a consolidated and comprehensive record, the Court will entertain separate motions for interim leadership of this litigation. Counsel shall file any motions seeking appointment of interim class counsel in the consolidated action pursuant to the briefing schedule set forth below. Accordingly, the Motions are denied without prejudice to the extent that they seek appointment of interim counsel under Rule 23(g)(3).

## III.    Conclusion

For the reasons set forth herein, **IT IS ORDERED** that:

4

1) The Motions at ECF No. 5 and ECF No. 17 are **GRANTED IN PART** as to the requests for consolidation, and otherwise **DENIED WITHOUT PREJUDICE** as to the requests for appointment of interim class counsel.

2) Pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, the Court hereby **CONSOLIDATES** *Owen-Brooks, et al. v. DISH Network Corporation*, Case No. 1:23-cv-01168; *Clark v. DISH Network L.L.C.*, Case No. 1:23-cv-01315; *Cruse v. DISH Network LLC, et al.*; Case No. 1:23-cv-01319, *Turley v. DISH Network L.L.C.*, Case No. 1:23-cv-01346; *Ellerbrock v. DISH Network Corporation*, Case No. 1:23cv-01372; *Jenkins v. DISH Network, LLC*, Case No. 1:23-cv-01387; *Cardenas v. DISH Network L.L.C.*, Case No. 1:23-cv-01405; *Garcia v. DISH Network, LLC*, Case No. 1:23-cv-01458; *Vest v. DISH Network Corporation*, Case No. 1:23-cv-01462; and *Fulmore v. DISH Network Corporation, et al.*, Case No. 1:23-cv-01556, under the docket number of this first filed case, Civil Action No. 1:23-cv-01168-RMR, and under the new title "*In re DISH Network Data Security Incident Litigation*" (each a "Related Action" and together the "Consolidated Action"). All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

3) Once consolidated, Case Nos. 1:23-cv-01315, 1:23-cv-01319, 1:23cv-01346, 1:23-cv-01372, 1:23-cv-01387, 1:23-cv-01405, 1:23-cv-01458, 1:23-cv-01462, and 1:23-cv-01556 shall be administratively closed, subject to reopening for good cause.

4) Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within fourteen (14) days. If the Court determines that the case is related, the Clerk of Court is **DIRECTED** to:

   a. Place a copy of this Order in the separate docket for such action;

   b. Serve on Plaintiff's counsel in the new case a copy of this Order;

   c. Direct this Order to be served upon Defendant(s) in the new case; and

   d. Make the appropriate entry on the master docket in the Consolidated Action.

5) Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within forty-five (45) days of the date of this Order. Defendants shall have forty-five (45) days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto. In the event that Defendants' response is a motion to dismiss or a motion to compel arbitration, Plaintiffs shall have thirty (30) days to file their opposition brief, and Defendants shall have twenty-one (21) days to file a reply brief.

6) The Court adopts the following schedule for consideration of any motion seeking to appoint interim leadership in this Consolidated Action and all related cases:

   a. Opening leadership motions shall be filed on or before August 18, 2023.

   b. Opposing papers, if any, shall be filed on or before September 1, 2023.

6

c.  Replies, if any, shall be filed on or before September 11, 2023, and shall

not exceed five (5) pages in length.

d.  The Court will make a determination as to whether to entertain oral

argument on the leadership motion(s) after all papers are filed. All

motions shall be filed in compliance with the Court's Civil Practice

Standards.

DATED:  August 2, 2023

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge