## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

|  |  |
|---|---|
| In re DISH NETWORK DATA INCIDENT LITIGATION | **JUDGE REGINA M. RODRIGUEZ** |
|  | **MAGISTRATE JUDGE SUSAN B. PROSE** |
|  | Civil Action No.: 1:23-cv-01168 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL AND EXECUTIVE COMMITTEE

## I.    INTRODUCTION

Plaintiffs Susan Owen-Brooks, Suzanne Cook, Crystal Bane, Jada Looney, on behalf of her three minor children, M.L., J.L., and S.L., Rebecca Dougherty, Daniel Clark, John Curse, Christie Turley, Allen Ellerbrock, Laina Jenkins, Michael Cardenas, Elizabeth Garza, Laura Vest, and Aaron Jodeh (the "*Owens-Brooks* Plaintiffs") request the appointment of Mason A. Barney of Siri & Glimstad LLP, Bryan L. Bleichner of Chestnut Cambronne PA, and Scott E. Cole of Cole & Van Note as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Counsel") and an Executive Committee comprised of Danielle L. Perry of Mason LLP, John J. Nelson of Milberg Coleman Bryson Phillips Grossman LLC, Joseph M. Lyon of The Lyon Firm, LLC, M. Anderson Berry of Clayeo C. Arnold, A Professional Corp., and Mark S. Reich of Levi & Korsinsky, LLP ("Proposed Executive Committee Counsel")  pursuant to Fed. R. Civ. P. 23(g).

II.     **INTERIM CO-LEAD CLASS COUNSEL AND AN EXECUTIVE COMMITTEE SHOULD BE APPOINTED**

Federal Rule of Civil Procedure 23(g)(2)(A) provides that "[u]pon consolidation []
pursuant to Rule 42(a), the district court, 'if it sees fit, may appoint one or more attorneys
as liaison counsel, lead counsel, or trial counsel for the consolidated cases and
accordingly assign the designated lawyers specific responsibilities.'" *See Hacker v.
Peterschmidt*, No. C 06-03468, 2006 WL 2925683, at *2-3 (N.D. Cal. Oct. 12, 2006)
(quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure:
Federal Rules of Civil Procedure §2385 (2006)); *see also Ehler v. IPEX, Inc.*, No. 08-cv-
02220-CMA-BNB, 2009 WL 1392075, at *2 (D. Colo. May 15, 2009) (appointing a
leadership structure in complex litigation matter). Although the Rule does not provide a
standard for determining whether interim counsel should be appointed, courts that have
construed it to have relied on the Advisory Committee Notes accompanying the Rule,
which limit its use to circumstances where interim counsel is necessary to protect the
interests of the putative class. The need to protect the interests of the putative class arises
when it is necessary to have one attorney to prepare for the class certification decision,
to prepare or respond to other motions before class certification, to discuss settlement
before certification, or to resolve rivalry or uncertainty among competing counsel or law
firms. *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70
(S.D.N.Y. 2006).

When assessing Rule 23(g)(3), courts often rely on the Advisory Committee Notes
accompanying the rule as holding that interim counsel should be appointed when needed
to protect the putative class and its interests. *See, e.g.*, *Davis v. GEICO Cas. Co.*, 2021

U.S. Dist. LEXIS 204426, at *10 (S.D. Ohio May 20, 2021) (quoting Fed. R. Civ. P. 23, Advisory Committee Notes (2003)). As considered in the Notes, "[t]ime may be needed to explore designation of class counsel under Rule 23(g)" and "in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003).

The appointment of interim class counsel at a relatively early stage in this putative class action litigation is in the best interests of the parties, the putative Class, and the Court. The designation of interim co-lead class counsel will help "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Federal Judicial Center, Manual For Complex Litigation § 21.11, at 246 (4th ed. 2004); *see also* Fed. R. Civ. P. 23(g)(3), 2003 Advisory Committee Notes for Rule 23(g); *see also In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717 (D. Del. Apr. 18, 2006) ("The most common approach to the selection of class counsel is private ordering, in which Plaintiffs' Counsel agree on which of them should serve as class counsel").

In short, the appointment of Proposed Interim Co-Lead Counsel and an Executive Committee will provide efficiencies to the parties and the Court and will avoid uncertainty and confusion regarding who may speak for the putative Class. This is of particular importance as the parties begin to discuss topics such as discovery and potential resolution of the Related Actions. With these goals and considerations in mind, the *Owens-Brooks* Plaintiffs request that the Court appoint Mason A. Barney of Siri & Glimstad LLP, Bryan L. Bleichner of Chestnut Cambronne, and Scott E. Cole of Cole &

Van Note as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Counsel")
pursuant to Fed. R. Civ. P. 23(g), as well as an Executive Committee comprised of
Danielle L. Perry of Mason LLP, John J. Nelson of Milberg Coleman Bryson Phillips
Grossman LLC, Joseph M. Lyon of The Lyon Firm, LLC, M. Anderson Berry of Clayeo C.
Arnold, A Professional Corp., and Mark S. Reich of Levi & Korsinsky, LLP.

At the outset, the *Owens-Brooks* Plaintiffs note that Counsel and Plaintiffs from *all
but one of the eleven filed complaints* support the proposed leadership structure. In
appointing lead counsel, a court should "conduct an independent review . . . to ensure
that counsel appointed to lead roles are qualified and responsible, that they will fairly and
adequately represent all of the parties on their side, and that their charges will be
reasonable." MCL § 10.22.  Fed. R. Civ. P. 23(g) states four factors that courts should
look to in selecting class counsel: "(i) the work counsel has done in identifying or
investigating potential claims in the action; (ii) counsel's experience in handling class
actions, other complex litigation, and the types of claims asserted in the class action; (iii)
counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit
to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Proposed Interim Co-Lead
Counsels' and Executive Committee Counsels' fitness for this role is demonstrated by
their commitment of all the necessary and appropriate time and resources to prosecuting
this matter at the highest level of professionalism and efficiency, their extraordinary
experience, their knowledge of applicable law, and their possession of resources needed
to successfully advance this litigation and adequately represent the class. The Rule also
contemplates that the court may also "consider any other matter pertinent to counsel's
ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P.

23(g)(I)(B).

Analysis of the relevant factors show that Proposed Interim Co-Lead Counsel and Executive Committee Counsel are well-suited to serve as lead counsel in this matter. Proposed Interim Co-Lead Counsel have many years of experience litigating consumer class actions in general and data breach class actions in particular. Their knowledge of the relevant law is superior. They have committed and will continue to commit extensive resources to the efficient but thorough litigation of this matter.

### A. The Work That Proposed Interim Co-Lead Counsel Have Already Done Supports Their Appointment as Interim Co-Lead Class Counsel.

Fed. R. Civ. P. 23 (g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Co-Lead Counsel have invested significant time in this case since early May, including pre-filing investigation, interviewing potential clients, researching the potential claims, drafting the complaints, and litigating the case once it was filed. Indeed, before filing the instant Actions, Proposed Interim Co-Lead Counsel performed extensive investigation and legal research regarding the potential claims in the Actions and the underlying facts. They have demonstrated the ability to work cooperatively with others, including attorneys for Plaintiffs in ten of the currently eleven pending Actions, and intend to implement protocols to ensure the efficient, non-duplicative and cost-effective prosecution of this matter.

Proposed Interim Co-Lead Counsel have committed substantial time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this

litigation. These actions demonstrate counsel's willingness and ability to prosecute the Related Actions on behalf of the putative Class to the fullest extent possible. Proposed Interim Co-Lead Counsel are familiar with the facts and legal issues in this matter and intend to continue their efficient pursuit of the claims on behalf of Plaintiffs and the putative Class. They have applied their extensive experience in class litigation, including dozens of data breach cases, to the advancement and development of Plaintiffs' and the putative Class's rights.

Proposed Interim Co-Lead Counsel's work to date includes several significant tasks:

**First,** Proposed Interim Co-Lead Counsel independently investigated the facts and circumstances surrounding Defendant's data breach (the "Data Breach"), including, inter alia: the cause of the data breach, Defendants' public statements regarding the events surrounding the Data Breach, other media commentary, and consumer experiences concerning information compromised in the breach.

**Second,** Proposed Interim Co-Lead Counsel devoted extensive time to researching the relevant law, and applying their experience, to prepare a detailed complaint.

**Third,** Proposed Interim Co-Lead Counsel filed the first lawsuits against the Defendant related to the Data Breach. They also assisted in preparing the joint motion to consolidate and worked cooperatively with all counsel to finalize it.

**Fourth**, Proposed Interim Co-Lead Counsel have spent significant time speaking with and interviewing class members who have contacted them, expressed interest in the case, and sought more information about the case and the underlying data breach.

Proposed Interim Co-Lead Counsel will continue to expend all the time and resources necessary to advocate for Plaintiffs and the putative Class.

**B.      Proposed Interim Co-Lead Counsel's Experience in Handling Class Actions and Other Complex Litigation Supports Their Appointment as Interim Co-Lead Counsel.**

Fed. R. Civ. P. 23(g)(1)(A)(ii) directs the Court to consider Proposed Interim Co-Lead Counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." Similarly, Fed. R. Civ. P. 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. Proposed Interim Co-Lead Counsel will formulate (in consultation with other counsel) and present positions on substantive and procedural issues during the litigation. MANUAL FOR COMPLEX LITIG., § 10.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Data breach cases bring their own set of challenges, and litigating them often entails extensive factual discovery, retention of multiple experts, and a background knowledge in the technology of cybersecurity. Recurring issues of class certification, damages, and injunctive relief require counsel well-versed in this practice area who have achieved legal rulings that facilitate prosecution. Proposed Interim Co-Lead Counsel have developed knowledge in this area and these topics through years of experience.

Thus, Plaintiffs propose that the Court designate Mason A. Barney, Bryan L. Bleichner, and Scott E. Cole as Interim Co-Lead Class Counsel, and Danielle L. Perry,

John J. Nelson, Joseph M. Lyon, M. Anderson Berry, and Mark S. Reich as Executive Committee Counsel. The proposed leadership Counsel have decades of substantial experience prosecuting complex class action litigation on behalf of a wide variety of plaintiffs in a wide range of complex litigation, including large data breach and other privacy actions.

### *Proposed Interim Co-Lead Counsel*

### 1.     **Mason Barney, Siri & Glimstad, LLP.**

Mr. Barney is a partner at Siri & Glimstad with over seventeen (17) years of experience in complex litigation. Mr. Barney was recently involved in a class action alleging violations of the Telephone Consumer Protection Act ("TCPA") which resulted in a settlement of $25,000,000 (plus free satellite radio service) to a potential class of over 14 million customers (*Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-00728 (N.D. Tex.)).  Mr. Barney was also trial co-counsel for plaintiffs in an ERISA matter filed as a class action involving breaches of fiduciary duty related to the management and termination of an ESOP, which settled after the beginning of trial for $1,080,000 for the Class (*Kindle v. Dejana*, No. 14-cv-06784 (E.D.N.Y.).

Mr. Barney has also served in leadership positions and as class counsel in numerous data breach and privacy matters, including having been recently appointed class counsel in *Carter, et al. v. Vivendi Ticketing US LLC d/b/a See Tickets*, No. 8:22-cv-01981 (C.D. Cal.), which has received preliminary approval for a settlement involving 437,310 class members and a $3,000,000 non-reversionary settlement fund. He was also recently named as co-lead class counsel in *Gilleo et al. v. California Pizza Kitchen, Inc.*, No. 8:2021-cv-01928-DOC-KES (C.D. Cal.), which settled with over $2,000,000 going to the class members. Mr. Barney is also currently serving as interim co-lead counsel in a

number of other data breach actions, including *Pulliam et al. v. West Technology Group*,
Case No. 8:23-cv-159 (D. Neb.), *Perez v. Carvin Wilson Software LLC*, Case No. cv-23-
00792 (D. Ariz.), *Nulf v. Alvaria, Inc., et al.*, Case No. 1:23-cv-10999 (D. Mass.),
*Rasmussen et al. v. Uintah Basin Healthcare*, Case No. 2:23-cv-00322 (D. Ut.), and *Scott
et al v. Union Bank and Trust Company*, Case No. 4:23-cv-03126 (D. Neb.) (the court
commenting that "proposed interim co-lead counsel are experienced and qualified
attorneys, and each has knowledge of the applicable law, experience in managing and
prosecuting cases involving data security and privacy, notable successes against large
corporate defendants, and resources they are willing to expend to litigate these cases").

Additionally, Mr. Barney holds an undergraduate degree in Computer Science and,
after college, served as a database programmer for three years. He has also published
articles concerning data privacy and cyber security issues in leading publications such as
Inc. Magazine, Bloomberg BNA, and Inside Counsel Magazine. Mr. Barney's biography
and Siri & Glimstad's firm resume are attached hereto as **Exhibit A**, which also includes
biographies of the other attorneys and staff with Siri & Glimstad. Mr. Barney has worked
with a multitude of law firms across the country, including many of the counsel of record
in this matter.

### 2.   Bryan Bleichner, Chestnut Cambronne PA

Bryan L. Bleichner is a shareholder at Chestnut Cambronne PA, an officer of the
Antitrust Section of the National Federal Bar Association, a featured speaker at the
National American Bar Association, and a current member of the Sedona Conference
Working Group Series. Mr. Bleichner has extensive experience serving as leadership or
class counsel in numerous class action data breach cases including: *In re R&B*

*Corporation of Virginia d/b/a Credit Control Corporation*, Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.); *In Re: Group Health Plan Litig.*, Case No. 23-cv-267-JWB/DJF (D. Minn.): *Rasmussen, et al., v. Uintah Basin Healthcare*, Case No. 23-cv-00322-HCN-CMR (D. Ut.); *Anderson v. Fortra*, Case No. 23-cv-00533 (D. Minn); *Hale v. ARcare,* No. 3:22-cv-00117 (E.D. Ark.); *Hightower v. Receivables Performance Mgmt., LLC*, No. 2:22-cv-01683 (W.D. Wash.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210, (D. Minn.); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275-RAR (S.D. Fla.); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.); *In re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.); *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 1:21-cv-00036-DRC (S.D. Ohio); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio); *Greenstate Credit Union v. Hy-Vee, Inc.*, No. 20-621-DSD-DTS (D. Minn.); *Village Bank v. Caribou Coffee Co., Inc.*, No. 0:19-cv-01640 (D. Minn.); *In re WaWa, Inc. Data Security Litigation*, No. 19-cv-6019-GEKP (E.D. Pa.); *In re Equifax, Inc., Customer Data Security Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.); *Midwest American Federal Credit Union v. Arby's Restaurant Group, Inc.*, No. 17-cv-00514-AT (N.D. Ga.); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo); *First Choice Fed. Credit Union v. The Wendy's Company*, No. 2:16-cv-00506 (W.D. Pa.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (TWT) (N.D. Ga.); *In re Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM-JJK (D. Minn.); *Lutz v. Electromed, Inc.*, No. 70-CV-21-11814 (D. Minn.);

*Thomas v. Pawn America Minnesota, LLC*, No. 0:21-cv-02554 (D. Minn.); and *Seabrian v. St. Joseph's/Candler Health System, Inc.*, No. STCV21-01652 (State Court of Chatham County, Georgia).

Mr. Bleichner also has experience serving as leadership or class counsel in non-data-breach class actions, including: *Walker v. Nautilus, Inc.*, No. 20-cv-3414-EAS-EPD (S.D. Ohio); *Howard v. Life Time Fitness, Inc.*, No. 27-cv-20-10513 (Minn. 2020); *Barclay v. Icon Health & Fitness, Inc.*, No. 19-cv-02970-ECT-DTS (D. Minn.); *In re Resideo Technologies, Inc. Securities Litigation*, No. 19-cv-02863-WMW-KMM (D. Minn.); *In re Pork Antitrust Litigation.*, No. 18-cv-1776-JRT-HB (D. Minn.); *In re DPP Beef Litigation*, No. 20-cv-1319-JRT/HB (D. Minn.); *Bruner v. Polaris Industries Inc.*, No. 18-cv-00939-WMW-DTS (D. Minn.); *In re FedLoan Student Loan Servicing Litigation*, No. 2:18-md-02833-CDJ (E.D. Pa.); *Travis v. Navient Corp.*, No. 17-cv-04885-JFB-GRB (E.D.N.Y.); *Delamarter v. Supercuts, Inc.*, No. 19-3158-DSD-TNL (D. Minn.); and *Christian v. National Hockey League*, No. 0:14-md-02551-SRN-JSM (D. Minn.).

A copy of Mr. Bleichner's firm resume is attached as **Exhibit B.**

### 3.    Scott Cole, Cole & Van Note

Scott Edward Cole is the founder and a shareholder of Cole & Van Note ("CVN"), a firm based out of Oakland, California. As detailed in the Declaration of Scott Edward Cole, Esq. ("Cole Decl."), CVN is a class action centric and boutique practice devoted to prosecuting privacy, including data breaches, employment, environmental and/or consumer fraud complex cases. In its over 30-year history, CVN has prosecuted hundreds of class and/or complex/representative cases, some of the more unique ones being identified in the firm's professional resume attached hereto as **Exhibit C**.

Many of these cases involve(d) some or all of the same legal issues as are presented in the current action. While almost entirely devoted today to prosecuting cyber-security class actions, the firm's past experiences run deep across various areas of the law—from employment wage and hour and discrimination cases, to consumer, personal injury and environmental class actions/mass tort cases. CVN has successfully achieved class certification, settlements and judgments in varied factual scenarios, just some of the more unique, difficult or groundbreaking situations being set forth in the firm's resume. Some better-known and/or "game changing" cases include *Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116 (Case No. A119697) (setting the standard for settlement approval in California state courts); *Augustus (Davis) vs. ABM Security Services.*, Supreme Court of California Case No. S224853 (establishing a new Supreme Court standard for workplace rest periods; $110 million settlement); *Despres v. United Parcel Service, Inc*., Case Nos. 3:03-CV-02987 (TEH) and 3:03-CV-02001 (TEH) (N.D. Cal.) (historic $87 million settlement in meal break-only case); *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007) (class cert. granted and clarifying distinction between class composition and entitlement to a recovery); *Tierno v. Rite Aid Corp.,* 2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) (oft-cited ruling certifying a class of retail store managers alleging overtime misclassification; $6.9 million settlement); *Fulton v. Sports and Fitness Clubs of America, dba 24 Hour Fitness, USA, Inc.,* Case No. GIC881669 (Super. Ct. Cal. San Diego Cnty.), (consolidated with Case No. GIC873193) (industry changing case that helped define "piece rate" standard under the law; class certification and then summary judgment granted; $19 million resolution); *In Re Westley Tire Fire Litigation*, Case No. CV 801282 (Super. Ct. Cal. Santa Clara

Cnty.) (lead counsel in toxic 7 million tire fire that affected up to one third of the State of California); *In Re Unocal Refinery Litigation*, Case No. C94-04141 (Super. Ct. Cal. Contra Costa Cnty. (Steering Committee in massive toxic chemical release and topic of Mr. Cole's book, "Fallout"); *In Re: Apple Inc. Device Performance Litigation*, Case No. 5:18-md-02827-EJD (N.D. Cal.) (Steering Committee in consumer fraud case); *In Re Tosco SFR Litigation* (C97-01637 (Super. Ct. Cal. Contra Costa Cnty.) (Lead Counsel in massive toxic airborne release over multiple towns).

Currently, CVN is devoted almost entirely to the prosecution of data breach class actions, with the vast bulk of its caseload being cases involving almost identical legal and factual issues to those presented in the instant case. In these matters, CVN serves in a variety of roles, oftentimes in various leadership positions. For example, CVN has served as court-appointed lead or co-lead counsel in various data breach matters, including *Hinds, et al. v. Community Medical Centers, Inc.*, Case No. STK-CV-UNPI-2021-10404 (Super. Ct. Cal. San Joaquin Cnty.) (appointed co-lead counsel); *Tsvetanova, et al. v. UCSD Health*, Case No. 37-2021-00039888-CU-PO-CTL (Super. Ct. Cal. San Diego Cnty.) (appointed co-lead counsel); *In Re: Rackspace Data Security Litigation*, No.: SA-22-cv-01296-XR (W.D. Tex.) (appointed lead counsel); *Fedorys, et al. v. Ethos Group Inc.*, Case No. 3:22-cv-2573-M (N.D. Tex.) (appointed co-lead counsel); *Moreland, et al. v. 1st Franklin Financial Corporation*, Case No. 2:23-cv-00038-SCJ (N.D. Ga.) (appointed co-lead counsel); *Domitrovich, et al. v. MC Dean, Inc.*, Case No. 1:23-cv-00210-CMH-JFA (E.D. Va) (appointed co-lead counsel); *Deevers, et al. v. Wing Financial Services, LLC.*, Case No. 4:22-cv-00550-CVE-MTS (N.D. Okla.) (appointed co-lead counsel).

CVN also serves in more informal (e.g., stipulated, Executive Committee) leadership positions in numerous other data breach cases and in sole counsel roles in even dozens more—actions currently venued across nearly 30 states. CVN, thus, possesses the experience and ample resources to lead the current case(s), once consolidated, and will continue to do so throughout this litigation. CVN unquestionably possesses the experience and resources to lead the current cases, once consolidated, and will continue to do so throughout this litigation.

### *Proposed Executive Committee*

### 1.    Danielle L. Perry, Mason LLP

Danielle L. Perry is a partner at Mason LLP and offers nearly a decade of class action litigation experience to the benefit of her clients. Graduating from the University of California, Berkeley in 2010 and from Loyola Law School, Los Angeles in 2013, Ms. Perry is licensed to practice in the State of California, District of Columbia, and in numerous federal district courts across the country as well as the U.S. Court of Federal Claims, and the Fifth, Seventh, and Federal Circuit Courts of Appeals. While Ms. Perry originally focused her career on employment law class actions, after her first few years of practice she expanded her experience and resume to cover numerous data breach and consumer class actions as well. Ms. Perry, either as an individual or as a member of her firm, has been named class counsel or appointed to leadership positions in numerous data breach class actions including most recently: *In re NCB Management Services, Inc. Data Breach Litigation,* Case No. 23-1236 (E.D. Pa.) (appointed to the Plaintiffs' Steering Committee, June 2023); *In re Flagstar December 2021 Data Security Incident Litigation,* Case No. 22-cv-11385 (E.D. Mich.) (appointed to the Plaintiffs' Executive Committee, May 2023);

*Rodriguez v. Mena Regional Health System,* Case No. 2:23-cv-02002 (W.D. Ark.) (appointed Co-Lead Counsel, Apr, 2023); *Anderson v. Fortra, LLC,* Case no. 23-cv-533 (Dist. Minn.) (appointed to the Executive Committee, Apr. 2023); *Nelson et al. v. Connexin Software Inc., d/b/a Office Practicum*, Case No. 2:22-cv-04676 (E.D. Penn.) (appointed to the Plaintiffs' Steering Committee, Apr. 2023); *Colston et al. v. Envision Credit Union,* Case No. 2022CA1476 (2d. Jud. Cir. For Leon County, Fl.) (appointed class counsel, final approval granted Apr. 2023); *Dekenipp v. Gastroenterology Consultants, P.A.*, Case No. 202161470 (295th District Court for Harris County, Texas) (appointed class counsel, final approval granted Nov. 2022).

A copy of Ms. Perry's resume is attached as **Exhibit D.**

### 2.    John J. Nelson, Milberg, Coleman, Bryson, Phillips & Grossman, PLLC

Mr. Nelson is an associate at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[1] Milberg has been instrumental in obtaining precedent-setting decisions at every level, including at the United States Supreme Court.[2] The firm pioneered federal class action litigation and is widely recognized as a leader in defending

---

[1] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[2] *See* https://milberg.com/precedent-setting-decisions/page/3/.

the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 100 attorneys and has offices across the U.S. and the European Union.

Mr. Nelson has been appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330 million dollar nationwide settlement. Case No. 1:20-CV-00629 (E.D.N.Y.) (Final approval granted December 21, 2022). Mr. Nelson was also appointed to the Executive Committee in *In re Soresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.). As a member of Milberg's Data Privacy team, which is presently litigating more than a hundred privacy cases nationwide, Mr. Nelson has been involved in several recent high profile data breaches in which Milberg has been appointed to leadership positions including: *In re Lakeview Loan Servicing Data Breach Litigation*, Case No. 1:22-cv-20955 (S.D. Fl.); *In re Canon U.S.A. Data Breach Litigation,* No. 1:20-cv-06239-AMD-SJB (S.D.N.Y.); *In re: Herff Jones Data Breach Litigation,* Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.); *In Re: CaptureRx Data Breach Litigation,* No. 5:21-cv-00523-OLG (W.D. Tex.); and *In re Arthur J. Gallagher Data Breach Litig.*, No. 1:21-cv-04056 (N.D. Ill.). Mr. Nelson and Milberg are committed to bringing the necessary experience and resources to this litigation and on behalf of the putative class.

A copy of Milberg's Firm Resume is attached hereto as **Exhibit E**.

### 3.     Joseph M. Lyon, The Lyon Firm

Joseph M. Lyon is the founder of The Lyon Firm*,* a Cincinnati, Ohio based law firm, representing individuals nationwide in class action and product liability litigation. With respect to data breach cases, Mr. Lyon has participated as co-lead counsel, as a member

of Plaintiffs' Steering Committees, or a member of class counsel in over seventy (70) data breach class actions throughout the country, many of which include cases involving similar data security issues and claims brought in this matter. He is familiar with the complex law, necessary discovery, and settlement structures to successfully co-lead this litigation. *See,* The Lyon Firm's profile and CV.

Mr. Lyon's experience in specific data breach cases includes, among others: *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio; co-lead counsel; Final Approval granted related to health care provider creating claims made settlement valued in excess of $12.5 million); *Engle v. Talbert House* , No. A 2103650 (Hamilton County, OH;  co-lead counsel; final approval for data breach class action involving unauthorized disclosure of health care data establishing claims made process valued in excess of $49.84 million); *In Re Southern Ohio Health Systems Data Breach,* No. A2101886 (Hamilton County, Ohio; co-lead counsel; final approval granted for $1.95 million non-reversionary common fund arising from data breach of health systems); *Culbertson v. Deloitte Consulting* LLP 1:20-CV-3962 (S.D.N.Y.) (Plaintiffs' class counsel and discovery committee; final approval of non-reversionary common fund for $4.95 million arising from data breach of unemployment benefits data system); *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio; interim co-lead counsel; preliminary approval granted for $1.75 million non-reversionary common fund); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.; Executive Committee) (preliminary approval granted for $3.0 million non-reversionary common fund); and *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.; Steering Committee) (data breach impacting over 21 million customers.

Notably, Mr. Lyon has specific knowledge and experience leading a data breach class action in this District Court. Recently, he has been appointed in this District Court as Interim Co-Lead counsel in two pending data breach class action with similar issues as this matter. *See Rodriquez v. Professional Finance Company, Inc.*, Case No. 1:22-cv-01679-RMR-STV, ECF No. 23; and *Henderson v Reventics*, *LLC*, Case No. 1:23-cv-00586-MEH.  In addition to data breach class action matters, Mr. Lyon has served as co-lead counsel in other privacy matters, such as *Hawkins v. Navy Federal Credit Union*, No. 1:19-cv-01186 (E.D.  VA) (co-lead counsel; final approval granted for TCPA privacy class action common fund for $9,250,000).

Mr. Lyon has extensive experience handling complex litigation and discovery matters. He has represented thousands of individual plaintiffs in over forty (40) Multidistrict ("MDL") product liability matters where he has helped develop both common benefit evidence and case-specific evidence to support the general liability claims. Mr. Lyon served on leadership committees in: MDL 1748 *In re Testosterone Replacement Therapy Products Liability Litigation* (member of discovery committee); MDL 2327 *In re Ethicon, Inc. Pelvic Repair Systems Product Liability Litigation* (member of discovery committee); *In re Actos (Pioglitazone) Products Liability Litigation -Wisniewski v. Takeda Pharmaceuticals et al.*, No. 120702272 (Co-Counsel for bellwether trial in Philadelphia County; Jury awarded $2.34 million in compensatory damages.); and MDL 1598 *In re Ephedra Products Liability Litigation* (member of discovery committee). Finally, Mr. Lyon has served as lead counsel in numerous catastrophic injury cases involving medical malpractice, industrial accidents, automotive product liability, firearm product liability, and

toxic exposure. These complex cases required extensive motion practice, discovery and courtroom skills that will help advance the interests of this class.

A copy of Mr. Lyons' firm resume is attached as **Exhibit F**.

> 4.     **M. Anderson Berry, Clayeo C. Arnold, a Professional Corporation**

Mr. Berry heads the data breach, complex litigation, and *qui tam* practices for the Arnold Law Firm. Since its founding by Clayeo C. Arnold in 1975, the Arnold Law Firm has been a litigation-oriented practice in California. Mr. Berry has offices in Woodland Hills and Sacramento. The Arnold Law Firm prosecutes class action, mass tort, *qui tam*, product defect, employment, and personal injury cases and is a practice of trial lawyers with decades of collective experience in both state and federal courts and in pursuing class action, *qui tam*, and multi-district litigation claims on a nationwide basis.

M. Anderson Berry, both as head of the data breach, complex litigation, and *qui tam* practices for the Arnold Law Firm, and from his prior history, possesses substantial experience in complex litigation matters. Mr. Berry has an extensive background in privacy and consumer/government fraud litigation, actively participating in a currently sealed False Claims Act case involving widespread cybersecurity fraud upon the United States, and the class action litigations filed in Federal and State Courts across the nation, as set out below.

Mr. Berry was first selected as the Northern California Super Lawyers Rising Star in 2015 in the field of complex civil litigation. Before joining the Arnold Law Firm in 2017, Mr. Berry worked as an Assistant United States Attorney for the Eastern District of California. As part of the Affirmative Civil Enforcement unit, Mr. Berry handled a wide variety of complex cases, recovering millions of dollars for the United States. Before

working for the Department of Justice, Mr. Berry practiced at one of the world's largest law firms, Jones Day, where he represented clients in international arbitration and complex commercial litigation, including defending class action allegations. Mr. Berry obtained his Juris Doctor and his Bachelor's degrees from the University of California, Berkeley.

Mr. Berry holds leadership positions in a panoply of data breach and data privacy litigation matters including, but not limited to: *In Re: Snap Finance Data Breach*, 2:22-cv-00761-TS-JCB (D.UT.) (Co-Lead Counsel); *Holmes v. Elephant Insurance Company, et al.*, 3:22-cv-00487-JAG (E.D. VA.) (Co-Lead Counsel); *In Re: Arthur J. Gallagher Data Breach Litigation,* 1:21-cv-04056 (N.D.Ill.) (Co-Lead Counsel); *In Re: CaptureRx Data Breach Litigation*, 5:21-cv-00523 (W.D.TX.) (Co-Lead Counsel) (settled); *Desue v. 20/20 Eye Care Network, Inc. et al.,* 0:21-cv-61275 (S.D. Fla.) (Executive Comm.); *In re: Mednax Services, Inc. Customer Data Security Breach Litigation,* 21-MD-02994 (S.D. Fl.) (Executive Comm.).

A copy of Mr. Berry's firm resume is attached as **Exhibit G**.

### 5.    Mark Reich, Levi & Korsinsky, LLP

Mr. Reich will be leading the Levi & Korsinsky, LLP ("L&K") team in this litigation. He joined L&K in 2021 from Robbins Geller Rudman & Dowd, where he spent 15 years prosecuting class actions. As Partner at RGRD, Mr. Reich was part of the firm's consumer practice group in which he represented consumers in privacy and data breach litigation, including *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-md-02752-LHK (N.D. Cal.) ($117.5 million recovery stemming from data breach); *In re Sony Gaming Networks & Customer Data Security Breach Litigation*, No. 3:11-md-02258-AJB-MDD

(S.D. Cal.) ($15 million settlement pertaining to breach of Sony's PlayStation Network). In addition, Mr. Reich was part of the leadership teams in cases against large defendants such as Costco Wholesale Corporation (*Kurtz v. Costco et al.*, 1:14-cv-01142 (E.D.N.Y.)), Wolf Appliances (*Kail et al v. Wolf Appliance, Inc.*, 2:15-cv-03513 (E.D.N.Y.)); Whirlpool Corporation (*Schechner v. Whirlpool Corp.*, No. 2:16-cv-12409-SJM-RSW (E.D. Mich.)); Apple Inc. (*Thomas J. Butler, et al. v. Apple Inc. et al.*, 2014-1-CV262989 (Superior Court of the State of California, County of Santa Clara)); and Kimberly-Clark (*Honigman v. Kimberly-Clark Corp.*, No. 15-CV-2910 (E.D.N.Y.)).  Mr. Reich also has experience working within a team or supporting environment; e.g., *In re Apple Inc. Device Performance Litig.*, ($310 million settlement).  Mr. Reich has been honored as a New York Super Lawyer each year since 2013.

A copy of Mr. Reich's firm resume is attached as **Exhibit H**.

### C.    Proposed Interim Co-Lead Counsel's Knowledge of Applicable Law.

The third Rule 23(g)(1)(A) factor, "counsel's knowledge of the applicable law," also favors appointing Proposed Interim Co-Lead Counsel. Proposed Interim Co-Lead Counsel are knowledgeable and familiar with the legal claims and statutes at issue. Each of their respective firms regularly litigates cases involving complex litigation, including data breach cases. Further, as discussed above, Proposed Interim Co-Lead Counsel extensively researched the claims at issue before filing their actions. Given their vast experience, Proposed Interim Co-Lead Counsel are also equally knowledgeable regarding the discovery and expert needs for the instant case, and are prepared to defend against and refute the multiple affirmative defenses expected to be raised by Defendants. Perhaps most importantly, Proposed Interim Co-Lead Counsel are seasoned class action

litigators who are well-versed in all of the nuances of the class action vehicle and Rule 23 in particular.

> **D. Resources That Proposed Interim Co-Lead Counsel Have and Will Commit to Representing the Class Support Their Appointment as Proposed Interim Co-Lead Counsel.**

Counsel responsible for prosecuting Plaintiffs' claims must be able to dedicate very significant resources to advance the claims of the proposed Classes. See Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed Interim Co-Lead Counsel have demonstrated their collective will and ability to dedicate the necessary resources to ensure a substantial and sustainable case on behalf of the putative Class members. As described in detail above, each of the firms have thoroughly investigated, developed, and gathered evidence in support of Plaintiffs' claims against Defendants, and have already invested and committed significant resources to prosecute this case. Proposed Interim Co-Lead Counsel are hard-working, organized, and effective. They have taken many cases from inception to conclusion, advancing all litigation costs, and will do so here.

Moving forward, Proposed Interim Co-Lead Counsel will continue to staff the Related Actions with knowledgeable and experienced attorneys, including the above-referenced members of the Executive Committee, supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts, and assist in trial preparation. Proposed Interim Co-Lead Counsel will continue their commitment of resources and efforts to the Related Actions, just as they have in other, successful litigation. Moreover, Proposed Interim Co-Lead Counsel's decades of accomplished litigation in cases like this one evidence a proven history of dedicating all resources necessary to effectively litigate the claims they allege. In the aggregate, Proposed Interim Co-Lead Counsel will put forth substantial resources to vigorously

advocate for the interests of the putative Class, just as they have done in prior data breach cases. Finally, it is important to note that the firms will make every effort to effectively and efficiently staff the litigation in a manner that will avoid duplication of effort.

### E.  Other Factors Support Designation of Interim Co-Lead and Executive Committee Counsel

Proposed Interim Co-Lead Counsel were the first firms to file complaints against Defendant. *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints); *Steele v. United States*, Case No. 14-1523, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc.*, Case No. 12cv1063, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, Case No. 12-cv-1831, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action.").

Moreover, the proposed leadership structure has the support of majority of Plaintiffs and the law firms involved in the litigation related to this Data Breach and this factor supports their appointment. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel." "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for

reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*,
No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v.
Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011)
("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential
attribute' for lead counsel.")); *Manual for Complex Litigation* §§ 10.22 (noting desirability
of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272
(describing "private ordering" approach). As it stands, all *but one* Complaint supports the
proposed leadership structure.

Further, Proposed Counsel have not made any agreements with each other with
respect to funding, cost-sharing, pooling clients, fees, or any other matter. Each will be
required to make contributions to fund the litigation, and they will not accept any third-
party litigation funding to do so.

While Proposed Counsel intend to litigate the case zealously, they are fully aware
of the Court's expectation that they prosecute the case efficiently and without duplication.
Accordingly, they have already discussed how best to organize to effectively use their
members' diverse skills and unique experiences for the case's prosecution and
management, while avoiding unnecessary and duplicative billing.

## III.    CONCLUSION

To promote efficiency and judicial economy, and to avoid unnecessary costs and
undue delay, Plaintiffs respectfully request that the Court (a) appoint Mason A. Barney of
Siri & Glimstad LLP, Bryan L. Bleichner of Chestnut Cambronne, and Scott E. Cole of
Cole & Van Note as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g);
and (b) appoint Danielle L. Perry of Mason LLP, John J. Nelson of Milberg, Coleman,

Bryson, Phillips & Grossman, PLLC, Joseph M. Lyon of The Lyon Firm, Anderson Berry

of Clayeo C. Arnold, a Professional Corporation, and Mark Reich of Levi & Korsinky, LLP

as members of the Executive Committee.


Dated: August 18, 2023                    Respectfully submitted,


                                          */s/ Mason A. Barney*
                                          Mason A. Barney (*pro hac vice* to be filed)
                                          Tyler J. Bean (*pro hac vice* to be filed)
                                          **SIRI & GLIMSTAD LLP**
                                          745 Fifth Avenue, Suite 500
                                          New York, New York 10151
                                          Tel: (212) 532-1091
                                          Email:  mbarney@sirillp.com
                                          Email:  tbean@sirillp.com

                                          Bryan L. Bleichner (MN BAR #0326689)
                                          Philip J. Krzeski (OH BAR #0095713)
                                          **CHESTNUT CAMBRONNE PA**
                                          100 Washington Avenue South, Suite 1700
                                          Minneapolis, MN 55401
                                          Phone: (612) 339-7300
                                          Fax: (612) 336-2940
                                          Email: bbliechner@chestnutcambronne.com
                                          Email: pkrzeski@chestnutcambronne.com

                                          Scott E. Cole
                                          Cody A. Bolce
                                          **COLE & VAN NOTE**
                                          555 12th Street, Suite 1725
                                          Oakland, California 94607
                                          Telephone: (510) 891-9800
                                          Facsimile: (510)891-7030
                                          Email: sec@colevannote.com
                                          Email: cab@colevannote.com

                                          *Proposed Interim Co-Lead Counsel*

                                          Gary E. Mason
                                          Danielle L. Perry

Lisa A. White
**MASON LLP**
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
Email: gmason@masonllp.com
Email: dperry@masonllp.com
Email: lwhite@masonllp.com

John J. Nelson (*pro hac vice* to be filed)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
401 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
Email: jnelson@milberg.com

Joseph M. Lyon
**THE LYON FIRM**
2754 Erie Ave. Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
Email: jlyon@thelyonfirm.com

M. Anderson Berry (*pro hac vice* to be filed)
Gregory Haroutunian (*pro hac vice* to be filed)
Brandon P. Jack (*pro hac vice* to be filed)
**CLAYEO C. ARNOLD A PROFESSIONAL
CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
Email:  aberry@justice4you.com
Email:  gharoutunian@justice4you.com
Email: bjack@justice4you.com

Mark S. Reich
**LEVI & KORSINSKY, LLP**
55 Broadway, 4th Floor, Suite 427
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com

*Proposed Executive Committee Counsel*

Mark E. Saliman
**SALIMAN LAW, LLC**
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Tel: (720) 907-7652
E: mark@salimanlaw.com


Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
Email: gklinger@milberg.com

Josh Sanford (ARK BAR #44358)
**SANFORD LAW FIRM, PLLC**
10800 Financial Centre, Pkwy., Ste. 510
Little Rock, Arkansas 72211
Phone: (501) 787-2040
Email: josh@sanfordlaw.com

Rick D. Bailey, Esq. Atty. Reg. #26554
**LAW OFFICE OF RICK D. BAILEY, ESQ**.
1801 Broadway, Ste. 528
Denver, Colorado 80202
Tel: (720) 676-6023
Email: rick@rickbaileylaw.com

Ryan D. Maxey
**MORGAN & MORGAN PA**
201 North Franklin Street
Suite 700
Tampa, FL 33602
813-424-5630
Email: rmaxey@forthepeople.com

Colleen Therese Calandra
**MORGAN & MORGAN PA**
999 18th Street
Suite 3000B
Denver, CO 80202
303-264-1746
Email: ccalandra@forthepeople.com

Case No. 1:23-cv-01168-RMR-SBP    Document 21-1    filed 08/18/23    USDC Colorado
pg 28 of 28

Jeffrey A. Berens
**BERENS LAW LLC**
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Telephone: (303) 861-1764
Email: jeff@jberenslaw.com

Thiago M. Coelho
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213)381-9989
Email: thiago@wilshirelawfirm.com

*Counsel for Plaintiffs and Putative Rule 23
Class*

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that the foregoing document

filed through the ECF system will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those

indicated as non-registered participants.

Dated: August 18, 2023            */s/ Mason A. Barney*
                                   Mason A. Barney